1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Horizon Home Loans, a Division of First Tennessee Bank, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>Centerpiece Mortgage, LLC, an Arizona Corporation; Kirk Jungbluth, an individual; Real Estate Research Corporation, an Arizona corporation; James Moore, an individual; Reliant Appraisal Service, an Arizona Corporation; Does I through X, and Roe Corporations I through X, inclusive,<br><br>Defendants. | No. CV-11-0995-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants Jungbluth and Real Estate Research Corporation's Rule 12(b)(6) Motion to Dismiss (Doc. 15). Plaintiff has filed a Response to the Motion to Dismiss (Doc. 19) and Defendants have filed a Reply in support of their Motion to Dismiss (Doc. 21). For the reasons that follow, Defendants' Motion to Dismiss is denied.

**I. BACKGROUND**

Plaintiff entered into a Mortgage Broker Agreement (the "Broker Agreement") with Defendant Centerpiece Mortgage, LLC ("Centerpiece") in 2005 (Doc. 1, Exhibit 1). Plaintiff alleges that, pursuant to the Broker Agreement, Centerpiece brokered loans for Plaintiff. (*Id.*

at ¶ 14). Plaintiff alleges that thirty-two of the loans that Centerpiece brokered for it were based on incorrect income and/or employment information. (*Id.*). Plaintiff further alleges that Defendants Jungbluth, Real Estate Research Corporation, Moore, and Reliant Appraisal Service (the "Appraisal Defendants") conducted appraisals on the properties brokered by Centerpiece and consistently overvalued those appraisals. (*Id.* at 15). Plaintiff alleges that the borrowers on the subject loans subsequently defaulted and the properties were foreclosed and sold. (*Id.* at 16). Plaintiff alleges that it was required to purchase the subject loans because the loans were based on incorrect income, employment information, and/or overvaluations. (*Id.* at 17). Plaintiff alleges that Centerpiece is required to indemnify it for the damages that Plaintiff has incurred as a result of the foreclosures. (*Id.* at 18).

Plaintiff alleges that the Appraisal Defendants breached their duty of professionalism to Plaintiff by providing overvaluations of the subject properties. (*Id.* at 35). Plaintiff further alleges that the Appraisal Defendants negligently misrepresented the appraised valuation of the subject properties to Plaintiff and Plaintiff relied on those representations. (*Id.* at ¶¶ 40 & 41).

Defendants Kirk Jungbluth and Real Estate Research Corporation (collectively the "RERC Defendants") seek dismissal of the claims against them on two bases. First, the RERC Defendants argue that Plaintiff failed to state a claim upon which relief can be granted because it failed to allege a date or time frame for any of the alleged acts of misconduct by Defendants. Second, the RERC Defendants argue that Plaintiff has failed to bring its claim within the applicable statute of limitations.

**II. LEGAL STANDARD**

The Federal Rules of Civil Procedure embrace a notice-pleading standard. All that is required to survive a Rule 12(b)(6) motion is "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In pleading the grounds of the claim, the plaintiff need not provide "detailed factual

allegations," *id.*; however, the plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Id.* at 1965. This does "not impose a probability requirement at the pleading stage." *Id.* at 556.

"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563. Further, when analyzing a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *See Assoc. for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986 (9th Cir. 2011).

**III. ANALYSIS**

The RERC Defendants first argue that Plaintiff has "failed to state a claim upon which relief can be granted considering they have not designated a date or time frame for their cause of action." (Doc. 15 at 2). Plaintiff did not specifically refer to any dates or a time frame from which its claims arose in the Complaint. However, Plaintiff did attach a copy of the Broker Agreement, dated in 2005,[1] as Exhibit 1 to its Complaint. Plaintiff argues that it was not required to allege the date of the appraisals because it sufficiently put Defendants on notice of its claims and the grounds for those claims.

While the RERC Defendants are correct that allegations of time are material when testing the sufficiency of a pleading, *see* Federal Rule of Civil Procedure 9(f), Rule 9(f) does not require specific allegations of time, but merely states that such allegations are material if they are made. *See Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 204 (9th Cir.1951); 5A CHARLES ALAN WRIGHT, ET. AL., FEDERAL PRACTICE AND PROCEDURE § 1308 (3d ed. 2011). While it is true that an allegation in the Complaint as to when Defendants' alleged wrongful conduct occurred would provide greater notice to Defendants,

---

[1] There appears to be a month, day, and year on the Broker Agreement. However, the complete date is illegible on the Court's copy.

such an allegation is not required by the Federal Rules of Civil Procedure because such a requirement would not be appropriate in all cases and, in some cases, a plaintiff may need to engage in discovery solely within a defendant's possession to obtain the relevant information.

Accordingly, to determine if allegations of time and place are necessary, the Court must decide if, without them, the statement of the claim is so ambiguous and vague that the opponent cannot adequately respond. *See* 5A CHARLES ALAN WRIGHT, ET. AL., FEDERAL PRACTICE AND PROCEDURE § 1309 (3d ed. 2011).

Under Arizona law,[2] to prove a claim for negligent misrepresentation,[3] a plaintiff must establish the following:

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Sage v. Blagg Appraisal Co., Ltd.*, 209 P.3d 169, 170, 209 P.3d 169 (Ariz. Ct. App. 2009) (quoting Restatement (Second) of Torts § 522).

In its Complaint, Plaintiff alleges that the RERC Defendants, in the course of their profession, negligently supplied inaccurate appraisal values to Plaintiff and Plaintiff justifiably relied on those inaccurate appraisal values to their detriment. Plaintiff has alleged enough facts to establish a claim for negligent misrepresentation. Further, although Plaintiff does not provide any dates for the appraisals, Plaintiff identified the Corporation for which

---

[2] Since the parties all cited to Arizona law to argue their positions related to the Motion to Dismiss, the Court assumes that the parties agree that Arizona substantive law applies to this diversity action.

[3] Plaintiff also alleges a breach of the duty of professionalism against the RERC Defendants. The Court is aware of no such cause of action under Arizona law. However, the RERC Defendants have not alleged that such a cause of action does not exist, nor does it seek to dismiss the Count for the breach of the duty of professionalism on that ground. Accordingly, the Court declines to address the issue at this stage of the proceedings.

- 4 -

the RERC Defendants allegedly provided the appraisals and attached a list of the addresses of the subject properties for which Defendants allegedly misrepresented the appraised value.[4] These allegations are not ambiguous or vague and they provide the RERC Defendants with fair notice of the claims against them and the grounds upon which they rest. Accordingly, Plaintiff has stated a claim upon which relief can be granted.

Defendants next argue that Plaintiff has failed to bring its claim within the applicable statute of limitations. Defendants argue that, because Plaintiff only referred to the 2005 Agreement in its Complaint, the two-year statute of limitations applicable to claims for negligent misrepresentation[5] has run. Defendants assert that any appraisals conducted by the RERC Defendants would have occurred no later than 2007. (Doc. 15 at 3). However, for the defense of the running of the statute of limitations to be decided on a motion to dismiss, the untimeliness must clearly appear on the face of the complaint. *See Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206-1207 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'") (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

In this case, the relevant dates do not appear on the face of the Complaint. Further, there is significant dispute between the parties as to when Plaintiff discovered the RERC Defendants' alleged negligence.[6] Defendants have not presented the Court with

---

[4] These addresses are contained in Exhibit 2 to Plaintiff's Complaint. On ruling on a motion to dismiss, it is appropriate to consider the allegations contained in the pleadings and exhibits attached to the Complaint. *See Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

[5] *See* ARIZ. REV. STAT. ANN. § 12-542(1) (2011).

[6] "The two-year statute of limitations begins to run when the plaintiff knows or should have known of the defendant's negligent conduct, or when the plaintiff is first able to sue." *See Hall v. Romero*, 685 P.2d 757, 761 (Ariz. Ct. App. 1984).

uncontroverted evidence that irrefutably demonstrates that Plaintiff discovered or should have discovered the negligent conduct more than two years before it filed its Complaint. Without such evidence, the Court cannot decide, as a matter of law, that the statute of limitations has run in this case. *See Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992) (internal quotation omitted) ("[i]n determining when an action has accrued under a discovery-based statute of limitations, the question of when the alleged wrongdoing was or should have been discovered is a question of fact. It may be decided as a matter of law only when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the . . . conduct."). Where, as here, the running of the statute of limitations cannot be determined on the face of the complaint, a statute of limitations defense is more properly determined on a motion for summary judgment. *See Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987); *Jablon,* 614 F.2d at 682.

Based on the foregoing,

**IT IS ORDERED** denying the RERC Defendants' Motion to Dismiss (Doc. 15).

DATED this 9th day of December, 2011.

James A. Teilborg
United States District Judge