WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Horizon Home Loans, a Division of First Tennessee Bank, N.A.,<br><br>        Plaintiff,<br><br>vs.<br><br>Centerpiece Mortgage, LLC, an Arizona Corporation; Kirk Jungbluth, an individual; Real Estate Research Corporation, an Arizona corporation; James Moore, an individual; Reliant Appraisal Service, an Arizona Corporation; Does I through X, and Roe Corporations I through X, inclusive,<br><br>        Defendants. | No. CV-11-0995-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Default Judgment as to Centerpiece Mortgage, LLC (Doc. 30). The Court now rules on the Motion.

**I.    BACKGROUND**

On May 19, 2011, Plaintiff filed a Complaint against Defendants, alleging as follows:

Plaintiff entered into a Mortgage Broker Agreement (the "Broker Agreement") with Defendant Centerpiece Mortgage, LLC ("Centerpiece") in 2005 (Doc. 1, Exhibit 1). Pursuant to the Broker Agreement, Centerpiece brokered loans for Plaintiff. (*Id.* at ¶ 14). Plaintiff alleges that thirty-two of the loans that Centerpiece brokered for it were based on incorrect income and/or employment information. (*Id.*). Plaintiff further alleges that

Defendants Jungbluth, Real Estate Research Corporation, Moore, and Reliant Appraisal Service (the "Appraisal Defendants") conducted appraisals on the properties brokered by Centerpiece and consistently overvalued those appraisals. (*Id.* at 15). Plaintiff alleges that the borrowers on the subject loans subsequently defaulted and the properties were foreclosed and sold. (*Id.* at 16). Plaintiff alleges that it was required to purchase the subject loans because the loans were based on incorrect income, employment information, and/or overvaluations. (*Id.* at 17). Plaintiff alleges that Centerpiece is required to indemnify it for the damages that Plaintiff has incurred as a result of the foreclosures. (*Id.* at 18).

Plaintiff filed an Affidavit of Service by Private Service with the Court. (Doc. 22). The sworn affidavit avers that Centerpiece Mortgage, LLC was served through its statutory agent on July 30, 2011. (*Id.*). When Defendant Centerpiece Mortgage, LLC failed to appear or otherwise defend the case, Plaintiff filed an Application for Entry of Default. (Doc. 23). Thereafter, the Clerk of the Court entered default as to Defendant Centerpiece Mortgage, LLC. (Doc. 25). Plaintiff now seeks a default judgment in the amount of $4,075,731.11, in addition to attorneys' fees, costs, and post-judgment interest.

**II.   LEGAL STANDARD**

Entry of default judgment is governed by Federal Rule of Civil Procedure 55 and is left to the Court's sound discretion. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980); Fed. R. Civ. P. 55. Because granting or denying relief is entirely within the Court's discretion, a defendant's default does not automatically entitle a plaintiff to a court ordered judgment. *See id.* The Court has considerable leeway as to what it may require as a prerequisite to the entry of a default judgment, pursuant to Rule 55. The Court may consider the following factors in exercising its discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

According to Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if** the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b) (emphasis added). "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *Nielson v. Chang,* 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552, 554-55 (1872)).

Even if Defendants are not alleged to be jointly and severally liable, where defendants have closely related defenses or are otherwise similarly situated, the Court should not enter default judgment until the matter has been adjudicated as to all defendants. *Id.* at 532. Further, judgment should not be entered against one defendant until the matter has been adjudicated with regard to all defendants, if judgment would produce logically inconsistent judgments in the same action. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1007-1008 (N.D. Cal. 2001) (citing *Chang,* 253 F.3d at 532).

### III.   ANALYSIS

In this case, the Court cannot determine that there is no just reason for delay, and thus, cannot enter default judgment against Defendant Centerpiece Mortgage, Inc. While Counts One and Two of Plaintiff's Complaint are alleged solely against Defendant Centerpiece Mortgage, Inc., Counts Three and Four are alleged against all Defendants. Plaintiff alleges that it was required to purchase the subject loans because the loans were based on incorrect income and employment information provided by Centerpiece and/or overvaluations provided by the other Defendants. Accordingly, the claims against Centerpiece and the remaining Defendants are closely related and its is possible that a judgment in favor of Centerpiece Mortgage, Inc. at this stage in the litigation could produce inconsistent results with a judgment when the matter has been entirely adjudicated. Further, determinations that

the Court must necessarily make in accordance with Federal Rule of Civil Procedure 55(b)(2)(A)-(D) could more easily be made once all claims are adjudicated.

### IV. CONCLUSION

Based on the foregoing, the Court cannot find that there is no just reason for delay. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment as to Centerpiece Mortgage, LLC (Doc. 30) is denied without prejudice to Plaintiff filing at the conclusion of the lawsuit and in accordance with any other judgment entered in the case.

DATED this 22nd day of June, 2012.

_____
James A. Teilborg
United States District Judge